FILED
2006 SEP -6 PM 1: 55
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUENTE AL ACESSO, SUING ON BEHALF OF ROBERTO FRIAS AND JOSEPHINA FRIAS AND ITS MEMBERS, ROBERTO FRIAS, an individual, and JOSEPHINA FRIAS, an individual,<br><br>Plaintiffs,<br>vs.<br>HILLARI, INC., d.b.a. FIORI'S PIZZA & SPIRITS; HILLARI, INC.; YEREVANIAN FAMILY TRUST, dated 11/08/11; LENA YEREVANIAN, TRUSTEE OF THE YEREVANIAN FAMILY TRUST, dated 11/08/11; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 06cv0113-LAB (JMA)<br><br>**ORDER AWARDING ATTORNEYS' FEES** |

On January 19, 2006, Plaintiffs filed suit in this action. This case was brought under the Americans with Disabilities Act of 1990 ("ADA"), under California state accessibility laws, and under California's Unruh Act. The complaint alleged that a commercial property owned by Defendants was inaccessible to Plaintiffs.

Plaintiffs brought a motion for involuntary dismissal (without an award of attorneys' fees). Defendants Yerevanian Family Trust, Lena Yerevanian, and Boghos Peter Yerevanian (collectively, the "Yerevanian Defendants") brought motions for summary judgment under Fed. R. Civ. P. 56, and for attorneys' fees and costs. Both parties agreed that this action should be dismissed because the

1  Yerevanian Defendants do not and did not own the property where the alleged violations took place.

2  On August 14, 2006, Plaintiffs and Yerevanian Defendants appeared by counsel before the
3  Court at a hearing on the motions. On August 21, 2006, the Court granted Yerevanian Defendants'
4  motion for summary judgment and awarded attorney's fees in an amount to be determined later.

5  In cases brought under the ADA, a prevailing party (other than the United States) may be
6  awarded a reasonable attorney's fee, including litigation expenses, and costs, in the court's discretion.
7  42 U.S.C.A. § 12205. In its order of August 14, 2006, the Court ordered Yerevanian Defendants to
8  file and serve a bill of costs, to which Plaintiffs were permitted to file and serve objections. Both
9  parties did so and the Court has reviewed both filed documents.

10  Yerevanian Defendants' counsel has submitted a declaration regarding costs, her usual hourly
11  rates, and time spent, with an attached detailed time and expense summary attached and incorporated
12  by reference. The total amount requested is $6,012.50.

13  Plaintiffs filed an unverified opposition, arguing on several grounds that Yerevanian
14  Defendants' fee request is unreasonable. Their principle arguments are that reasonable rates for ADA
15  attorneys are typically lower, and that too much time was expended on various tasks.

16  The court has reviewed the submitted documents and has considered relevant factors such as
17  those discussed in *Blum v. Stenson*, 465 U.S. 886 (1984) and *Hensley v. Eckerhart*, 461 U.S. 424
18  (1983), and finds the attorneys' fees requested by Yerevanian Defendants to be reasonable. The Court
19  does not measure the reasonableness of Yerevanian Defendants' counsel's rates by Plaintiffs'
20  counsel's assertions as to the reasonable rate for attorneys whose practice is limited to ADA claims.
21  As the history of this case demonstrates, an understanding of the ADA and ADA litigation was not
22  enough here. Rather, the outcome of this litigation turned on property ownership and evidentiary
23  matters, and called for broader litigation skills. The Court also notes that, although Plaintiffs' counsel
24  asserts that reviewing his pleadings should have taken less time that Yerevanian Defendants have
25  claimed, the Court has expended considerable time reviewing and analyzing these documents.

26  Plaintiffs include in their opposition two full pages of argument disputing that Yerevanian
27  Defendants are entitled to attorneys fees. Most of this material appears to be a verbatim copy of
28  material submitted in Plaintiff's opposition to Yerevanian Defendants' motion for summary judgment.

1  Under the principles of *res judicata* and pursuant to ¶ 10 of the Court's standing order, this portion of
2  Plaintiff's argument is rejected.
3       For these reasons, Yerevanian Defendants' request for attorneys' fees and costs in the amount
4  of $6,012.50 is **GRANTED**.

6  **IT IS SO ORDERED.**
7  DATED: 9/5/06

**HONORABLE LARRY ALAN BURNS**
United States District Judge

10  cc:    Magistrate Judge Jan M. Adler
       All Counsel of Record